### IN RICHMOND SUPERIOR COURT.

#### EDWARDS for ANDERSON & Co. *vs.* H. MUSGROVE.

*Fi. fa. and Claim by Burton and Bostwick; Verdict for Plaintiff and Motion for New Trial.*

THE ground on which this motion rests, is the rejection of Harrison Musgrove, who was offered as a witness by the claimant.

The competency of defendants in execution to testify in claim cases, has been frequently discussed in the courts of the State, and different opinions have been held by different judges; but as far as I have been able to ascertain what the decisions have been, the judges with but few exceptions have rejected defendants as incompetent. When I came to the bench, such was the practice in this circuit, under a decision of my predecessor, and at the trial of this case, I rejected the defendant upon the maxim *stare decisis*. Since the trial, I

*It is a general rule in claim cases and considered the safest that can be adopted, that defendants in execution cannot be witnesses.*

RICHMOND.

EDWARDS
*v.*
MUSGROVE.

have conferred with the judges, and find the same decision and practice to prevail throughout the state. As far, therefore, as precedent authority and practice can sustain the court in the rejection of the witness, it is fully sustained. How far it can be sustained upon principle, is a matter of some doubt in my mind.

The first question which suggests itself is, whether the defendant in execution be a party to the suit? The party plaintiff or actor in this proceeding is the plaintiff in execution, the party defendant is the claimant. The issue is joined between them without any reference whatever to the defendant in execution, whose death even will not affect the suit, nor can he in any way release it. He cannot then be considered a party, and rejected on that account. Yet he evidently has some relation to the suit, and must have some interest or concern in its event. His title to the property is the subject of inquiry, and its proceeds, if condemned, will be applied in discharge of his debt. He could not therefore be called to testify on the part of the plaintiff, for he would have a direct and certain interest in his success. But it is contended that though incompetent for the plaintiff, he is yet competent for the claimant, in as much as he is called to swear against his own interest, and to defeat his own rights. This is the strong argument presented by the counsel for the claimant, and if it were true that the interests of the defendant were adverse to those of the claimant, and identical with those of the plaintiff he might be allowed to testify for the former. But so far from this being generally true it happens in almost every case that the defendant has an interest in the success of the claimant. By law the burden of proof is with the plaintiff, and before the claimant can be required to prove his right to the property, the *onus* must be shifted by proof of title in the defendant subsequently to the judgment. Whatever title the claimant has, must then be presumed to have been derived from the defendant, who has an interest in supporting that title. Thus he seems to have an interest on both sides. But what is the nature of that interest, is it such as to produce an equipoise and leave him altogether indifferent which shall prevail? Such is but rarely the case. He is in most cases hopelessly insolvent, and it is a desperate struggle between the plaintiff, whose only hope for the payment of his debt depends on the condemnation of the property, and the claimant, who holds under the defendant by a title never free from suspicion of unfairness, either on account of illegal and fraudulent preference, or of some secret trust for the defendant or his family. In such a case the preponderance of interest and feeling would seem rather to be on the side of the claimant. This very peculiar, very near, and generally interested relation in which the defendant stands to both parties, has induced the judges to adopt as a general rule his exclu-

sion as a witness. It is perhaps the safest rule. But the circumstances which will disqualify a witness on account of interest are of such infinite variety, and it is so difficult to form any general rule which will apply to every case that I would if a rule were now to be formed subject the defendant to the ordinary tests of competency and unless he were found to be clearly incompetent suffer him to be sworn referring all objection for bias or prejudice to his credit. Yet, as I find a general rule on the subject prevailing throughout the State, I will not depart from, or disturb that rule more especially as it appears to be a safe one.

Motion refused.